IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SEAN M. DONAHUE, | : | CIVIL ACTION NO. **3:CV-13-1272** |
| Plaintiff | : | (Judge Nealon) |
| v. | : | (Magistrate Judge Blewitt) |
| LUZERNE COUNTY CORRECTIONAL FACILITY, and C.O. BOWEN, | : | |
| Defendants | : | |

## **REPORT AND RECOMMENDATION**

**I.    BACKGROUND.**

On May, 9, 2013, Plaintiff Sean M. Donahue, formerly a prisoner at Luzerne County Correctional Facility ("LCCF"), located in Wilkes-Barre, Pennsylvania, filed, *pro se*, this action on a 5-page signed form civil rights Complaint, under 42 U.S.C. §1983.[1] Also, on May 24, 2013, Plaintiff filed an Application to proceed *in forma pauperis*. (Doc. 5).

On June 3, 2013, Luzerne County Commissary Bookkeeper notified the Court that Plaintiff Donahue was released from LCCF on bail on May 28, 2013. Thus, the Luzerne County Commissary Bookkeeper was returning to this Court the Administrative Orders this Court sent to LCCF directing

---

[1]We note that Plaintiff filed two previously civil rights actions with this Court. At or around the time of the instant Complaint, he additionally filed 21 other actions. Thus, Plaintiff had 23 cases pending before this Court. On May 31, 2013, the Court issued an Order and dismissed without prejudice Plaintiff 's Civil No. 13-1043, M.D. Pa., case since Plaintiff failed to pay the filing fee or file an application to proceed *in forma pauperis*, after a 30-Day Administrative Order was issued. (Doc. 6, Civil No. 13-1043). Plaintiff now has 22 cases pending with this Court. Plaintiff names many of the same Defendants in his numerous actions.

the Warden to deduct funds from Plaintiff Donahue's inmate account to pay the filing fees in the numerous civil rights cases Plaintiff filed with this Court. (Doc. 8). Therefore, Plaintiff was confined in LCCF from the date of his arrest on August 21, 2012, through May 28, 2013, when he was released on bail pending his trial in Luzerne County.

On June 3, 2013, Plaintiff notified the Court of his change of address, stated that he was released from LCCF on bail and, that he now resides at 625 Cleveland Street, Hazleton, Pennsylvania. (Doc. 9).

Named as Defendants in the Complaint are Luzerne County Correctional Facility, and one of its employees, who the Plaintiff describes only as "Correctional Officer Bowen." (Doc. 1 at 3).

## II. ALLEGATIONS OF COMPLAINT (DOC. 1).

In the Statement of Claim in his Complaint, Doc. 1, pp. 3-4, Plaintiff simply avers:

> On April 3, 2013, I submitted a request slip to C.O. Bowen to lodge a complaint about him, and asked him to read it and then show to his lieutenant and captain. He read it and then showed it to another prisoner. He allowed a prisoner to check to see if another prisoner was snitching. He should not have done this.

As relief in the Complaint, Plaintiff requests this Court to "suspend or fire C.O. Bowen or order that the County [to] fire him." Plaintiff also requests this Court to order the " Arrest or fire the lieutenant for taking no corrective action." Further, Plaintiff requests this Court to order the "Arrest or fire the Deputy Warden for not taking corrective action." Plaintiff also requests monetary damages in the amount of $200,000, and that this Court order "that each party pay me $200,000."[2]

---

[2] Plaintiff's requests for specific amounts of monetary damages (Doc. 1, p. 4) should be stricken. Since Plaintiff seeks unliquidated damages, he cannot claim specific sums of relief. Pursuant to Local Rule 8.1, M.D. Pa., Plaintiff's requests for specific monetary damages should

2

(Doc. 1, p. 4).

In his Complaint, Plaintiff indicates that he filed an initial grievance with LCCF regarding his instant claim, and that he filed a second grievance. Plaintiff states that the result of his grievances was "Warden wouldn't take corrective action." (Doc. 1, p. 2). Plaintiff does not indicate if he fully exhausted all of the administrative remedies available at LCCF regarding his present claim.[3]

We will now screen the Document 1 Complaint as required by the Prison Litigation Reform Act. *See Banks v. County of Allegheny*, 568, F.Supp.2d 579, 587-88 (W.D. Pa. 2008).

### III. STANDARDS OF REVIEW.

#### A. PLRA

As stated, Plaintiff filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C.

---

be stricken from his Complaint. *See Stuckey v. Ross*, Civil No. 05-2354, M.D. Pa., 1-9-06 Order, J. McClure; *Said v. Donate*, Civil No. 07-1550, M.D. Pa.

[3] An inmate must exhaust his prison administrative remedies with respect to each one of his constitutional claims prior to filing a civil rights suit. *Spruill v. Gillis*, 372 F.3d 218, 230 (3d Cir. 2004); *Woodford v. Ngo*, 126 S.Ct. 2378 (2006). In *Porter v. Nussle*, 534 U.S. 516, 532 (2002), the Supreme Court reiterated that the exhaustion requirement under § 1997e(a) applies to all actions regarding prisons conditions, including civil rights actions or actions brought pursuant to any other federal law. The *Porter* Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id*.

We note that while it is not indicated in the Complaint if Plaintiff exhausted all his administrative remedies available at LCCF with respect to the instant claim, an inmate does not have to allege in his Complaint that he exhausted his administrative remedies and Defendants have the burden to plead exhaustion as an affirmative defense. *See Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002). However, when the inmate admits on the face of his pleading that he did not exhaust all of his administrative remedies, the Court can, *sua sponte*, dismiss the case without prejudice. *See McPherson v. U.S.*, 2010 WL 3446879, *3-*4 (3d Cir. 9-2-10).

§ 1915. (Doc. 5). The Prison Litigation Reform Act of 1995,[4] (the "PLRA"), obligates the Court to engage in a screening process when a prisoner wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Specifically, Section 1915(e)(2), which was created by § 805(a)(5) of the Act, provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

### B. 42 U.S.C. § 1983

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993). Further, Section 1983 is not a source of substantive rights. Rather, it is a means to redress violations of federal law by state actors. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); s*ee also Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa. 2005); *Slater v.Susquehanna County*, 613 F. Supp. 2d 653, 660 (M.D. Pa. 2009) (citations omitted); *Stankowski v. Farley*, 487 F. Supp. 2d 543, 550 (M.D. Pa. 2007)

---

[4]Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

("only those who act under color of state law are liable to suit under section 1983."). "In order to satisfy the second prong [of a §1983 civil rights action], a Defendant does not have to be a state official, but can also be held liable as a state actor." *Slater v. Susquehanna County*, 613 F. Supp. 2d at 660(citations omitted).

It is well-established that personal liability under section 1983 cannot be imposed upon a state official based on a theory of *respondeat superior*. *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra*. It is also well-settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a § 1983 case and that a complaint must allege such personal involvement. *Id*. Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based. *Id*. As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement
> in the alleged wrongs . . . . [P]ersonal involvement can be shown
> through allegations of personal direction or of actual knowledge and
> acquiescence. Allegations of participation or actual knowledge
> and acquiescence, however, must be made with appropriate
> particularity. (Citations omitted).

A civil rights complaint must state time, place, and responsible persons. *Id*. Courts have also held that an allegation seeking to impose liability on a defendant based on supervisory status, without more, will not subject the official to section 1983 liability. *See Rode,* 845 F.2d at 1208.

The Court uses the same standard to screen a complaint as it does for a 12(b)(6) motion to dismiss. *See Tourscher v. McCullough,* 184 F.3d 236, 240 (3d Cir. 1999).

## C. *Motion to Dismiss*

In *Reisinger v. Luzerne County*, 712 F.Supp. 2d 332, 343-344 (M.D. Pa. 2010), the Court stated:

> The Third Circuit Court of Appeals recently set out the appropriate standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions *Bell Atlantic Corp. v. Twombly,* 550 U.S. 433 (2007), and *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937 (2009). "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.' " *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. Moreover, it continued, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted). *McTernan v. City of York,* 577 F.3d 521, 530 (3d Cir.2009). The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan, Fowler v. UPMC Shadyside,* 578 F.3d 203 (3d Cir.2009).
> 
> [D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [ *Iqbal,* 129 S.Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips [v. Co. of Allegheny],* 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed

> in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*
> *Fowler,* 578 F.3d at 210-11.
>
> The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " *Guirguis v. Movers Specialty Services, Inc.,* No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) (*quoting Twombly,* 550 U.S. at 555) (not precedential).

## IV. DISCUSSION.

Initially, the first named Defendant in the Complaint, LCCF, is not a proper Defendant in a §1983 civil rights action. A civil rights action cannot be maintained against LCCF because a prison or correctional facility is not a "person" that is subject to suit under federal civil rights laws. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 109 S.Ct. 2304 (1989); *Mt. Healthy City Bd. of Educ. v. Doyle,* 429 U.S. 274, 97 S.Ct. 568 (1977); *see also Slagle v. County of Clarion,* 435 F.3d 262, 264 n. 3 (3d Cir.2006) (the Third Circuit stated that "[t]he District Court dismissed Clarion County Jail as a defendant in this case, stating 'it is well established in the Third Circuit that a prison is not a "person" subject to suit under federal civil rights laws'"); *Reseigh v. LCCF*, 2006 WL 2924876, *2 (M.D. Pa. Oct. 10, 2006)("a prison or correctional facility is not a person within the meaning of §1983.")(citations omitted). Thus, "[LCCF] is clearly not a person and may not be sued under §1983." *Id.*(Citation omitted).

Thus, we will recommend that Defendant LCCF be dismissed with prejudice from this case. Based upon the above, we find futility in allowing an amended Complaint with respect to the constitutional claims as against Defendant LCCF. *See Will*, *supra*; *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002)(*pro se* Complaints should not be dismissed without leave to amend unless "amendment would be inequitable or futile").

We liberally construe Plaintiff's instant Complaint to raise a failure to protect claim against Defendant Corrections Officer Bowen, in violation of his Eight Amendment rights. Plaintiff alleges that Defendant Bowen personally "allowed a prisoner to check to see if [he] was snitching," by showing the other prisoner his grievance against Bowen. (Doc. 1, p. 4). Plaintiff does not allege any physical harm or threat of physical harm as a result of Defendant Bowen's actions at the time of his Complaint. Under the Eighth Amendment, prison officials have a duty "to take reasonable measures to protect prisoners from violence at the hands of other prisoners." *Hamilton v. Leavy*, 117 F.3d 742, 746 (3d Cir. 1997)(internal citations omitted).

In *Glazewski v. Corzine*, 385 F. App'x 83, 88 (3d Cir. 2010), the Court stated:

To establish a failure to protect claim, an inmate must demonstrate that: (1) he is "incarcerated under conditions posing a substantial risk of serious harm;" and (2) the prison official acted with "deliberate indifference" to his health and safety. *Farmer*, 511 U.S. at 834, 114 S.Ct. 1970. "[T]he official must actually be aware of the existence of the excessive risk; it is not sufficient that the official should have been aware." *Beers-Capitol v. Whetzel,* 256 F.3d 120, 133 (3d Cir. 2001).

In *Beers-Capitol v. Whetzel*, 256 F.3d 120, 133 (3d Cir. 2001), the Third Circuit stated that:

[S]ubjective knowledge on the part of the official can be proved by circumstantial evidence to the effect that the excessive risk was so obvious that the official must have known of the risk. *See* [*Farmer*, 511 U.S.] at 842, 114 S.Ct. 1970. Finally, a defendant can rebut a prima facie demonstration of deliberate indifference either by establishing that he did not have the requisite level of knowledge or awareness

of the risk, or that, although he did know of the risk, he took reasonable steps to prevent the harm from occurring. *See id.* at 844, 114 S.Ct. 1970.

At this stage of the case, we find that it is not clear if Plaintiff can state any cognizable constitutional claim, as it is unclear if Defendant Bowen acted 'with deliberate indifference." Therefore, we will recommend that Plaintiff be granted leave to file an amended Complaint with respect to his Eighth Amendment claim as against Defendant CO Bowen. *See Grayson, supra*.

As mentioned, Plaintiff requests, in part, for this Court to order the arrests of the unnamed Lieutenant and Deputy Warden at LCCF. We find that to the extent that Plaintiff is seeking this Court to Order the arrest of unnamed individuals employed at LCCF, this Court cannot grant as relief in the present case the initiation of any criminal prosecution. See Concert v. Luzerne County Children and Youth Services, 2008 WL 4753709, *3 (M.D. Pa. Oct. 29, 2008)("Criminal statutes do not generally provide a private cause of action nor basis for civil liability.")(citations omitted). Thus, "[t]his Court cannot compel either state or federal prosecuting authorities to file criminal charges against the named Defendant" or against the the unnamed Lieutenant and Deputy Warden at LCCF. *Id*.

The Third Circuit has also held that a private person in a federal civil action could not impose criminal liability on a defendant because he lacked standing to do so. *See Conception v. Resnik*, 2005 WL 1791699, *2, 143 Fed. Appx. 422, 425-26 (3d Cir. 2005) (Non-Precedential). This Court has no authority to grant Plaintiff relief for the arrest of government officials with respect to alleged criminal conduct in this federal civil action. *See Matthews v. Villella*, 2009 WL 311177, *2 (M.D. Pa.) aff'd., in relevant part, C.A. No. 09-1486 (3d Cir. 5-21-10); *Banks v. U.S. Attorney*, 2008 WL 3853307, *2. Thus, insofar as Plaintiff is seeking this Court to have people arrested for their alleged

illegal behavior, these requests are subject to dismissal with prejudice. *See Ross v. Pennsylvania Bd. of Probation and Parole*, 2012 WL 3560819, *5 n. 3 (M.D. Pa August 16, 2012). Based on the foregoing, we find futility for the Court to allow Plaintiff to amend his Complaint with respect to his request for relief to have people arrested. *See Concert, supra*.

## V. RECOMMENDATION.

Based on the foregoing, it is respectfully recommended that Defendant Luzerne County Correctional Facility be **DISMISSED WITH PREJUDICE.** It is recommended that Plaintiff's requests for relief seeking the arrest of Defendant or the unnamed Lieutenant and Deputy Warden at LCCF be **DISMISSED WITH PREJUDICE**.

Further, it is recommended that Plaintiff be allowed to file an Amended Complaint regarding only his Eighth Amendment claim as against Defendant CO Bowen as specified in this Report and Recommendation.

Finally, it is recommended that this case be remanded to the undersigned to screen any Amended Complaint which Plaintiff may file.

> **s/ Thomas M. Blewitt**
> **THOMAS M. BLEWITT**
> **United States Magistrate Judge**

**Dated: June 7, 2013**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SEAN M. DONAHUE, | : | CIVIL ACTION NO. **3:CV-13-1272** |
| Plaintiff | : | (Judge Nealon) |
| v. | : | (Magistrate Judge Blewitt) |
| LUZERNE COUNTY CORRECTIONAL FACILITY, et al., | : | |
| Defendants | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **June 7, 2013.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis
of that record.  The judge may also receive further evidence, recall
witnesses or recommit the matter to the magistrate judge with
instructions.

Failure to file timely Objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.


                                          <u>s/ Thomas M. Blewitt</u>
                                          **THOMAS M. BLEWITT**
                                          **United States Magistrate Judge**

**Dated: June 7, 2013**