# UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

SEAN M. DONAHUE,

    Plaintiff

v.

LUZERNE COUNTY CORRECTIONAL
FACILITY, ET AL.,

    Defendants

CIVIL ACTION NO. 3:13-CV-1272

(JUDGE NEALON)
(MAGISTRATE JUDGE BLEWITT)

FILED SCRANTON

JUL 3 0 2013

PER _____ / DEPUTY CLERK

## MEMORANDUM

On May 9, 2013, Plaintiff, Sean M. Donahue, who was confined[1] in the Luzerne County Correctional Facility ("LCCF"), Wilkes-Barre, Pennsylvania filed a pro se complaint pursuant to 42 U.S.C. § 1983. (Doc. 1). The complaint names the LCCF and corrections officer Bowen as Defendants. (Id.). Plaintiff alleges that on April 3, 2013, he submitted a request slip to Defendant Bowen complaining about him. (Id.). Plaintiff states that he asked Defendant Bowen to read the slip and show it to his superiors. (Id.). The complaint alleges that after Defendant Bowen read the slip, he wrongfully showed it to another inmate to check to see whether Plaintiff was snitching. (Id.). For relief, Plaintiff seeks the suspension or termination of Defendant Bowen, the arrest of an unnamed LCCF lieutenant and the Deputy Warden, and monetary damages. (Id.). Plaintiff filed a motion for leave to proceed in forma pauperis on May 24, 2013. (Doc. 5).

Pursuant to the screening requirements of the Prison Litigation Reform Act, Magistrate Judge Thomas M. Blewitt reviewed the complaint. See (Doc. 10) (citing Pub. L. No. 104-134,

---

[1]Plaintiff has since been released on bail. See (Docs. 8-9).

110 Stat. 1321 (April 26, 1996); 28 U.S.C. § 1915²). On June 7, 2013, Magistrate Judge Blewitt issued a Report and Recommendation ("R&R") recommending that Defendant LCCF be dismissed with prejudice, along with Plaintiff's requests for relief seeking the arrest of an unnamed LCCF lieutenant and the Deputy Warden. (Doc. 10). The R&R recommends that Plaintiff be given an opportunity to file an amended complaint regarding only his Eighth Amendment claim against Defendant Bowen. (Id.). On June 13, 2013, Plaintiff filed a motion for the appointment of counsel, which includes an "objection to dismissal." (Doc. 11). The objection states:

> I, Sean M. Donahue, object to the dismissal of the above captioned docket. Doing so will allow an injustice to go unchecked simply because I do not have an attorney representing me in this matter. I am a layman of the law and am willing to change the relief requested but I want the matter to be heard by a jury.

(Id.). Notably, the motion/objection is dated June 7, 2013, the same day the R&R was issued. (Id.).³ No other objections have been filed and, for the reasons set forth below, the R&R will be adopted.

## Standard of Review

When objections to a report and recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a de novo review of those portions of the report to which specific objections are made. See Henderson v. Keisling, 386 Fed. Appx. 164, 166 (3d

---

²Title 28 U.S.C. § 1915(e)(2)(B) states: "the court shall dismiss the case at any time if the court determines that-- ... the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

³Between April 22, 2013, and June 11, 2013, Plaintiff filed twenty-three (23) civil rights complaints. He filed an identical motion/objection in nineteen of those cases. See e.g. Donahue v. Luzerne County Correctional Facility, et al., No. 13-cv-1271 at (Doc. 14) (M.D. Pa. 2013).

2

Cir. 2010) (explaining that "only those 'specific objections' made by [the plaintiff] must be separately considered by the District Court"), citing Goney v. Clark, 749 F.2d 5, 67 (3d Cir. 1984) ("providing a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process"). The written objections must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." M.D. Pa. Local Rule 72.3. In the absence of specific objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. See Sanders v. Downs, 2013 U.S. Dist. LEXIS 89743, *8-9 (M.D. Pa. 2013) (Caputo, J.) (explaining that the court reviews those portions of the R&R to which specific objections are made de novo, while the "remainder of the R&R is reviewed for clear error"); Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); M.D. Pa. Local Rule 72.3.

**Discussion**

In the instant action, Plaintiff's "objection to dismissal" contains no specific objection to any portion of the R&R. Accordingly, the R&R is reviewed for clear error.

The R&R thoroughly outlines the required elements of a section 1983 action and explains that each named defendant must be shown to be personally involved in the alleged constitutional deprivations. (Doc. 10, pp. 4-6). As to Defendant LCCF, Magistrate Judge Blewitt determines that the LCCF is not a proper defendant in a section 1983 action because it is not a "person"

3

subject to suit under federal civil rights laws. (Id. at p. 7), citing Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989). Accordingly, the Magistrate Judge concludes that it would be futile to afford Plaintiff an opportunity to file an amended complaint against Defendant LCCF. (Doc. 10, p. 8), citing Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

Next, Magistrate Judge Blewitt finds that the complaint, liberally construed, raises an Eighth Amendment failure to protect claim against Defendant Bowen for allowing another inmate to read the request slip to see if Plaintiff was snitching. (Doc. 10, p. 8).[4] The Magistrate Judge explains the elements of such a claim and determines that it is unclear whether Defendant Bowen acted with "deliberate indifference." (Id. at pp. 8-9) (citing Glazewski v. Corzine, 385 Fed. Appx. 83, 88 (3d Cir. 2010)). Consequently, the R&R recommends that Plaintiff be afforded an opportunity to file an amended complaint with respect to this claim. (Id.).

Finally, the Magistrate Judge concludes that to the extent Plaintiff requests relief in the form of the arrests of any LCCF employees, this Court cannot grant such relief. (Doc. 10, p. 9), citing Ross v. Pa. Bd. of Prob. & Parole, 2012 U.S. Dist. LEXIS 115546, *14 n.3 (M.D. Pa. 2012) (Kane, J.); Concert v. Luzerne County Children & Youth Servs., 2008 U.S. Dist. LEXIS 106446 (M.D. Pa. 2008) (Nealon, J.). Accordingly, Magistrate Judge Blewitt finds that it would be futile to allow an amendment with respect to this relief request. (Doc. 10, p. 10). The R&R also notes that Plaintiff cannot claim specific amounts of monetary damages. (Id. at p. 2 n.2).

---

[4]This Court finds that it is also possible Plaintiff was attempting to raise a retaliation claim against Defendant Bowen. However, the complaint fails to show that Plaintiff suffered any "adverse action" absent allegations that Defendant Bowen facilitated a snitch suspicion. See Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001) (explaining the elements of a retaliation claim); Bracey v. Pa. Dep't of Corr., 2012 U.S. Dist. LEXIS 31286, *25 (W.D. Pa. 2012) (finding "adverse action" by a prison official for spreading rumors that the inmate was a snitch).

4

Having reviewed the R&R for clear error and finding none, it will be adopted. Defendant LCCF and the requests for relief seeking the arrest of any LCCF employees will be dismissed with prejudice. However, Plaintiff will be allowed to file an amended complaint regarding his claim against Defendant Bowen. Plaintiff is advised that the "amended complaint must be complete in all respects." Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992) (Conaboy, J.). It must be a new pleading which stands by itself without reference to the original complaint. Id. The amended complaint "may not contain conclusory allegations[; r]ather, it must establish the existence of specific actions by the defendants which have resulted in constitutional deprivations." Id. (citing Rizzo v. Goode, 423 U.S. 362 (1976)). "The amended complaint must also be 'simple, concise, and direct' as required by the Federal Rules of Civil Procedure." Id. (citing FED. R. CIV. P. 8(e)(1)).

**Motion to Appoint Counsel**

Although prisoners have no constitutional or statutory right to appointment of counsel in a civil case, Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997), the court has discretion to request "an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); see also Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002); Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993). The United States Court of Appeals for the Third Circuit has stated that appointment of counsel for an indigent litigant should be made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the court in evaluating the expenditure of the

"precious commodity" of volunteer counsel is whether the plaintiff's case has some arguable merit in fact and law. Montgomery, 294 F.3d at 499. If a plaintiff overcomes this threshold hurdle, other factors to be examined are:

(1) the plaintiff's ability to present his or her own case;
(2) the difficulty of the particular legal issues;
(3) the degree to which factual investigation will be necessary and the ability of the claimant to pursue investigation;
(4) the plaintiff's capacity to retain counsel on his or her own behalf;
(5) the extent to which the case is likely to turn on credibility determinations; and
(6) whether the case will require testimony from expert witnesses.

Montgomery, 294 F.3d at 499 (citing Tabron, 6 F.3d at 155-57). Since Montgomery, the Third Circuit Court of Appeals added two (2) other factors to be taken into consideration: (1) the court's willingness to aid the indigent party in presenting his or her case; and (2) the available supply of lawyers willing to accept § 1915(e) requests within the relevant geographic area. Gordon v. Gonzalez, 232 Fed. Appx. 153, 156 n.4 (3d Cir. 2007).

Here, while the case may have arguable merit, other factors do not support the appointment of counsel. Plaintiff demonstrates the ability to present comprehensible arguments. The legal issues are relatively simple and will not require expert testimony. Further, investigation of the facts does not seem beyond Plaintiff's capabilities. Finally, it is noted that this Court does not have a large group of lawyers at its disposal to appoint as counsel in actions such as this, nor confident that an attorney could be found who would represent this action in a pro bono capacity.

Based on the foregoing, it does not appear that Plaintiff will suffer prejudice if forced to litigate this case on his own. This Court's duty to construe pro se pleadings liberally, Haines v.

Kerner, 404 U.S. 519 (1972), coupled with Plaintiff's apparent ability to litigate this action, militate against the appointment of counsel. In the event, however, that future proceedings demonstrate the need for counsel, the matter may be reconsidered either sua sponte or upon motion of Plaintiff.

**Conclusion**

For the reasons set forth herein, the R&R will be adopted in its entirety. Also, Plaintiff's motion for leave to proceed in forma pauperis will be granted, but his motion to appoint counsel will be denied without prejudice. This action will be remanded to Magistrate Judge Blewitt for further proceedings.

A separate Order will be issued.

Date: July 30 2013

United States District Judge